UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY MASSON, individually and on
behalf of others similarly situated,

                             Plaintiffs,

V.

ECOLAB, INC.,

                             Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiffs were employed by defendants. Plaintiffs worked more than 40 hours per week for defendants on a regular basis. Defendants unlawfully failed to pay plaintiffs overtime at the rate of time and one half for all hours over forty.

2. Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorney's fees as well as declaratory relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

### JURISDICTION

3. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

**VENUE**

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1). Upon information and belief, the defendant Corporation resides within this District.

**PARTIES**

**A.   Plaintiffs**

5. The named plaintiff was an employee of defendants. A Consent to Sue is attached at the back of this complaint.

6. Plaintiff MASSON is a resident of Georgia.

7. The term "plaintiff" as used in this complaint refers to the named plaintiff and all Route Managers who are not paid time and one half overtime pay for hours over 40, pursuant to the collective action provision of 29 U.S.C. §216(b).

8. Upon information and belief, defendants regularly engaged employees to work on a salary without payment of time and one half overtime premium pay.

**B.   Defendants**

9. ECOLAB, INC. is a corporation that is a global developer and marketer of premium cleaning, sanitizing, pest elimination, maintenance and repair products and services for the world's hospitality, institutional and industrial markets. The defendant lists its business address as Ecolab Center, St. Paul, Minnesota 55102.

10. Upon information and belief the defendant corporation has gross revenues in excess of $500,000 for all relevant periods herein.

11. Upon information and belief, defendants operate an enterprise engaged in commerce within the meaning of the FLSA.

12. For each of the 3 years preceding the filing of the initial complaint herein, defendants have employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

**FACTS**

13. Plaintiff Masson began his employment with defendant in or about April 2003.

14. Plaintiff Masson ceased his employment with defendant in or about May 2004.

15. Plaintiff's job title was Route Manager, and his job duties included repairing and doing preventive maintenance on leased commercial dish washing machines.

16. Plaintiff regularly worked more than 50 hours per week for defendant.

17. Defendant's failed to pay plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40.

18. Defendant's failure to pay plaintiffs the proper wages required by law was willful.

19. All actions and omissions described in this complaint were made by defendant directly or through its supervisory employees and agents.

### CAUSE OF ACTION
### (OVERTIME)

20. Defendant failed to pay premium overtime wages to the plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 <u>et seq</u>. and its implementing regulations.

21. Defendant's failure to comply with the FLSA caused plaintiffs to suffer loss of wages and interest thereon.

WHEREFORE, plaintiff request that this Court enter judgment or an order to plaintiff:

A. Declaring that the defendant violated the Fair Labor Standards Act

B. Declaring that the defendant's violations of the FLSA were willful;

C. Awarding damages for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

D. Awarding the plaintiffs' costs, including expert witness expenses, and reasonable attorneys' fees; and

E. Granting such further relief as the Court finds just.

Dated: June 8, 2004

Respectfully Submitted,

*[signature: Dan Getman]*

Dan Getman, Esq.
52 S. Manheim Blvd.
New Paltz, NY  12561
(845) 255-9370

ATTORNEY FOR PLAINTIFF

complaint 1

# CONSENT TO SUE UNDER THE F.L.S.A.

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Ecolab, Inc. and any other associated parties.

I authorize Dan Getman Esq., any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 6/3/04

Signature

Name (Printed): TROY A. MASSON