IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-11-10

MICHAEL CLARK, DAVID STARKMAN,
FRANCO DESIMONE, and JOHN DINISI,
individually and on behalf all others similarly
situated,

                              Plaintiffs,

        v.

ECOLAB INC.,

                              Defendant.

No. 07 Civ. 8623 (PAC)

TROY MASSON, individually and on behalf all
others similarly situated,

                              Plaintiffs,

        v.

ECOLAB INC.,

                              Defendant.

No. 04 Civ. 4488 (PAC)

JIMMY ENGLISH and WILLIAM
ZIMMERLEE, individually and on behalf all
others similarly situated,

                              Plaintiffs,

        v.

ECOLAB INC.,

                              Defendant.

No. 06 Civ. 5672 (PAC)

[PROPOSED] → *PAC*

ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE
SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS SETTLEMENT, AND
APPROVAL OF THE FLSA SETTLEMENT

[PROPOSED] → *PAC*

## ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT

The parties' proposed settlement resolves all claims in three separately filed federal overtime lawsuits, *Clark v. Ecolab Inc.*, No. 07 Civ. 8623 (the "*Clark Case*"); *English v. Ecolab, Inc.*, No. 06 Civ. 5672, *appeal docketed*, No. 08-1812-cv (2d Cir. Apr. 16, 2008) (the "*English Case*"); and *Masson v. Ecolab, Inc.*, No. 04 Civ. 4488 (the "*Masson Case*") (collectively the "Litigation").

### *Litigation Background*

On June 15, 2004, Plaintiff Troy Masson filed a collective action Complaint pursuant to 29 U.S.C. § 216(b) in the U.S. District Court for the Southern District of New York, asserting violations of the FLSA. Masson was a former "Route Manager" or "Route Sales Manager" (hereinafter "RSM") in Ecolab's Institutional Division. He alleged that he and similarly situated RSMs were misclassified as exempt employees under the FLSA, and he sought recovery of overtime wages, attorneys' fees and costs, and liquidated damages. (Decl. of Justin M. Swartz in Supp. of Pls.' Mot. for Final Approval ("Swartz Decl.") ¶ 5.)

Ecolab filed its Answer to the *Masson Case*, disputing the material allegations and denying any liability in the proposed collective action. Ecolab asserted, among other defenses, that RSMs were "exempt" from receiving overtime pay. (Swartz Decl. ¶ 6.)

On March 2, 2005, Masson filed a Motion to Approve Collective Action Notice. On April 18, 2005, Ecolab filed a Motion for Summary Judgment. In an Opinion and Order dated August 17, 2005 and modified on August 29, 2005, the Court granted Masson's Motion to Approve Collective Action Notice and denied Ecolab's Motion for Summary Judgment. *See Masson v. Ecolab, Inc.*, 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005).

2

Nationwide notice in the *Masson Case* was mailed on September 28, 2005 to approximately 1,200 RSMs. (Swartz Decl. ¶¶ 7-8.)

On July 27, 2006, Plaintiff-Appellant Jimmy English filed a collective action Complaint pursuant to 29 U.S.C. § 216(b) in the U.S. District Court for the Southern District of New York, asserting violations of the FLSA. An Amended Complaint was later filed adding William Zimmerlee as a named plaintiff. Plaintiffs English and Zimmerlee were employed in Ecolab's Pest Elimination Division as Pest Elimination Service Specialists or Senior Pest Elimination Service Specialists (hereinafter "Pest Service Specialists"). Plaintiffs English and Zimmerlee alleged that they and similarly situated Pest Service Specialists were misclassified as exempt employees under the FLSA, and they sought recovery of overtime wages, attorneys' fees and costs, and liquidated damages, among other things. (Swartz Decl. ¶ 9.)

Ecolab filed its Answer and Amended Answer to the *English Case*, disputing the material allegations and denying any liability in the proposed collective action. In its Answer, Ecolab asserted, among other defenses, that Pest Service Specialists were "exempt" from receiving overtime pay. (Swartz Decl. ¶ 10.)

On November 15, 2006, Plaintiffs filed a Motion to Conditionally Certify a FLSA Collective Action. On July 20, 2007, the parties filed cross-motions for summary judgment. On March 28, 2008, the Court issued an Opinion and Order granting Ecolab's motion for summary judgment and denying Plaintiffs' cross-motion. *See English v. Ecolab, Inc.*, No. 06 Civ. 5672, 2008 U.S. Dist. LEXIS 25862 (S.D.N.Y. Mar. 28, 2008, as amended March 31, 2008). The Plaintiffs' Motion to Conditionally Certify a FLSA Collective Action was denied as moot. *See English*, 2008 U.S. Dist. LEXIS 25862, at *55. A Final Judgment closing the case was entered on April 3, 2008. (Swartz Decl. ¶ 11.)

3

On April 16, 2008, Plaintiffs appealed the Final Judgment to the Court of Appeals for the Second Circuit (the "*English Appeal*").

On October 4, 2007, Michael Clark filed a lawsuit alleging a nationwide FLSA collective action and a Rule 23 class action on behalf of putative class members in California. On December 4, 2007, Plaintiff Clark, Franco DeSimone, David Starkman, and John Dinisi filed an Amended Complaint and also alleged a Rule 23 class action on behalf of putative class members in New York, Washington, and Oregon. Plaintiffs Clark and DeSimone were both employed as Territory Representatives ("TRs") for a wholly owned subsidiary of Ecolab, Kay Chemical Company. Plaintiffs Dinisi and Starkman were both employed as RSMs in Ecolab's Institutional Division, the same position at issue in the *Masson Case*. (Swartz Decl. ¶ 13.)

Ecolab's Answer in the *Clark Case* disputes the material allegations and denies liability. It also asserts, among other defenses, that the positions in question are "exempt" from FLSA and state law coverage. (Swartz Decl. ¶ 15.)

In December 2007, Ecolab brought a motion to transfer venue, and to sever the RSM plaintiffs and consolidate their claims in the *Masson Case*. (Swartz Decl. ¶ 14.) The Honorable Denise Cote denied the motion without prejudice to renewal and the case was reassigned to this Court. (Swartz Decl. ¶ 14.)

### *Settlement Negotiations and Preliminary Approval*

Over the course of approximately six years of litigation, the parties unsuccessfully engaged in informal settlement negotiations several times. (Swartz Decl. ¶ 28.) In early 2009, the parties agreed to attempt to resolve the Litigation through non-binding private mediation with an experienced class action mediator, Hunter Hughes of Rogers & Hardin LLP, Atlanta, Georgia. The parties agreed on the terms of a settlement, which were memorialized in a formal Joint

4

Stipulation of Settlement and Release (the "Settlement Agreement"). Without conceding the validity of Plaintiffs' claims and without admitting liability, Ecolab agreed, among other things, to create a Settlement Fund (the "Fund") of $6,000,000 to resolve the Litigation. (Swartz Decl. ¶¶ 30, 32.)

On November 17, 2009, this Court entered an Order preliminary approving the settlement; provisionally certifying the settlement class; appointing Outten & Golden LLP and Getman & Sweeney, PLLC as Class Counsel; approving Plaintiffs' proposed notice of settlement, and granting other relief. *Clark v. Ecolab Inc.*, No. 07 Civ. 8623, et al., 2009 U.S. Dist. LEXIS 108736 (S.D.N.Y. Nov. 17, 2009).

On January 5, 2010 and February 4, 2010, Settlement Services, Inc., the Claims Administrator, sent the Notices to all 519 Class Members informing them of their right to opt out or object to the settlement and of Class Counsel's intention to seek service awards of $10,000 for each of the named plaintiffs, up to 35% of the Fund for attorneys' fees, and their out-of-pocket expenses. (Swartz Decl. ¶¶ 55-56; Ex. D ("Notices"); Ex. E ("Patton Decl.") ¶¶ 5-7.)

On April 27, 2010, Plaintiffs filed their Motion for Certification of the Settlement Class, Final Approval of the Class Settlement, and Approval of the FLSA Settlement. In that Motion, Plaintiffs also requested modification of the Endorsement-release language to be used with the settlement checks, and approval of an individual settlement that will not impact the Fund. ("Motion for Final Approval"). The same day, Plaintiffs also filed Unopposed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Class Representative Service Awards ("Motion for Service Awards"). Ecolab took no position with respect to any of these motions.

The Court held a fairness hearing on May 11, 2010. No Class Member objected to the

5

settlement, the service awards, or Class Counsel's request for fees and costs, and only one Class

Member requested exclusion.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the

Motion for Service Awards, the supporting declarations, the oral argument presented at the May

11, 2010 fairness hearing, and the complete record in this matter, for good cause shown,

## NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

### *Certification Of The Settlement Class*

1. The Court certifies the following classes under Federal Rule of Civil Procedure

23(e), for settlement purposes:

- (A) California Class: all individuals who were employed by Ecolab as RSMs in the State of California from October 4, 2003 to July 6, 2009;

- (B) New York Class: all individuals who were employed by Ecolab as RSMs in the State of New York from December 4, 2001 to July 6, 2009;

- (C) Oregon Class: all individuals who were employed by Ecolab as RSMs in the State of Oregon from December 4, 2004 to July 6, 2009; and

- (D) Washington Class: all individuals who were employed by Ecolab as RSMs in the State of Washington from December 4, 2004 to July 6, 2009.

2. Plaintiffs meet all of the requirements for class certification under Federal Rule of

Civil Procedure 23(a) and (b)(3).

3. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1), numerosity, because

there are approximately 345 state Class Members. (Swartz Decl. ¶ 55.) Thus, joinder is

impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)

("[N]umerosity is presumed at a level of 40 members.")

4. The proposed class also satisfies Federal Rule of Civil Procedure 23(a)(2), the

commonality requirement. All Class Members bring the identical claim that Ecolab allegedly

6

failed to pay them earned overtime wages in violation of state wage and hour laws. Other common issues include, but are not limited to, (a) whether Plaintiffs and the state settlement Class Members were exempt from overtime eligibility during the class period; (b) whether Ecolab failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and (c) whether Ecolab maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked. *See Westerfield v. Washington Mut. Bank*, No. 06 Civ. 2817, et al., 2009 U.S. Dist. LEXIS 54553, at *6-7 (E.D.N.Y. Jun. 26, 2009).

5.     Named Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3), typicality, because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Damassia,* 250 F.R.D. at 158 (finding typicality satisfied where plaintiffs' claims were based on the same course of events and legal theory as class members' claims).

6.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4), adequacy, because Plaintiffs' interests are not antagonistic or at odds with those of Class Members, *see McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713, 2010 U.S. Dist. LEXIS 18913, at *5-6 (S.D.N.Y. Mar. 3, 2010); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *11 (S.D.N.Y. Mar. 31, 2009); and because Class Counsel "has an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area," *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *11-12 (S.D.N.Y. May 28, 2009) (internal quotation marks and citation omitted)).

7.     Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Here, all Class

7

Members are unified by common factual allegations and a common legal theory. These common questions predominate over any factual or legal variations among Class Members. *See Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 U.S. Dist. LEXIS 4067, at *9-10 (E.D.N.Y. Jan. 20, 2010).

8.     Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually. *See Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12; *Damassia*, 250 F.R.D. at 161, 164.

### *Approval Of The Settlement Agreement*

9.     The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement and this Order under Federal Rule of Civil Procedure 23.

10.     Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). To determine procedural fairness, courts examine the negotiating process leading to the settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). To determine substantive fairness, Courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

11.     Courts examine procedural and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits. *Wal-Mart Stores*, 396 F.3d at 116; *see also Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238, 2005 U.S. Dist. LEXIS 10848, at *18 (S.D.N.Y. June 7, 2005) ("[P]ublic policy favors settlement, especially in the case of class

8

actions."). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 U.S. Dist. LEXIS 57918, at \*12 (S.D.N.Y. July 27, 2007). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." *McMahon*, 2010 U.S. Dist. LEXIS 18913, at \*9-10 (citation omitted). The Court gives weight to the parties' judgment that the settlement is fair and reasonable. *See Reyes*, 2009 U.S. Dist. LEXIS 45277, at \*9; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at \*13.

### *Procedural Fairness*

12.     The settlement is procedurally fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank*, 228 F.R.D. at 184 (citing *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)). The settlement was reached after Plaintiffs had conducted a thorough investigation and evaluated the claims, and after extensive negotiations between the parties. Plaintiffs interviewed hundreds of workers (including RSMs, Pest Service Specialists, Institutional Division Territory Managers, and TRs) to determine the hours that they worked, the wages they were paid, their job duties, and other information relevant to their claims; obtained supportive declarations from putative class members; took 5 depositions pursuant to Federal Rule of Civil Procedure 30(b)(6); and defended 25 depositions of opt-in plaintiffs. (Swartz Decl. ¶¶ 17-23.)

13.     Plaintiffs also obtained, reviewed, and analyzed thousands of pages of hard-copy documents and electronically-stored data including, but not limited to, time and payroll records,

9

human resources data, financial records, sales data, marketing materials, and employee lists. Ecolab served discovery requests on Plaintiffs, and in response Plaintiffs produced documents including, but not limited to, W-2s, earning statements, pay stubs, and payroll forms. During the discovery phase of the Litigation, the parties engaged in numerous discovery disputes which required court intervention. (Swartz Decl. ¶¶ 24-26.)

14. To help resolve the case, the parties enlisted the services of experienced class action mediator Hunter Hughes of Rogers & Hardin LLP in Atlanta, Georgia. (Swartz Decl. ¶ 28.) Arm's-length negotiations involving counsel and a mediator raise a presumption that the settlement they achieved meets the requirements of due process. *Prasker v. Asia Five Eight LLC,* No. 08 Civ. 5811, 2010 U.S. Dist. LEXIS 1445, at *10 (S.D.N.Y. Jan. 6, 2010); *Mohney,* 2009 U.S. Dist. LEXIS 27899, at *13.

### *Substantive Fairness*

15. The settlement is substantively fair. All of the factors set forth in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

16. The "*Grinnell* factors" are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell,* 495 F.2d at 463.

10

17. Litigation through trial would be complex, expensive, and long. Therefore, the first *Grinnell* factor weighs in favor of final approval.

18. The class's reaction to the settlement was positive. The Notices included an explanation of the allocation formula and estimates each Class Member's award. (Swartz Decl. Ex. D (Notices).) The Notices also informed Class Members that they could object to or exclude themselves from the settlement, and explained how to do so. (Swartz Decl. ¶ 56, Ex. D (Notices).) No Class Member objected to the Settlement, and only one requested exclusion. (Swartz Decl. ¶ 56.) This favorable response demonstrates that the Class approves of the results, which supports final approval. *Wright v. Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008) (where 13 out of 3,500 class members objected and 3 opted-out, noting that "[t]he fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness).

19. The parties have completed enough discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *McMahon*, 2010 U.S. Dist. LEXIS 18913, at *12 (citation omitted). Here, the parties engaged in aggressive discovery efforts, obtaining voluminous amounts of documents and taking numerous depositions. The resulting discovery allowed them to evaluate adequately the strengths and weaknesses of the case. (Swartz Decl. ¶ 16.) The third *Grinnell* factor thus weighs in favor of final approval.

20. The risk of establishing liability and damages further weighs in favor of final approval. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). One purpose of a settlement is to avoid the uncertainty of a trial on the merits. *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969). Here, the fact-intensive nature of Plaintiffs' claims and Ecolab's affirmative defenses presents risk. The

settlement eliminates this uncertainty. The fourth *Grinnell* factor weighs in favor of final approval.

21. The risk of maintaining class status throughout trial also weighs in favor of final approval. A contested class certification motion would likely require extensive discovery and briefing. If the Court granted a contested class certification motion, Ecolab could seek to file a Federal Rule of Civil Procedure 23(f) appeal and/or move to decertify, which would require additional rounds of briefing. Settlement eliminates the risk, expense, and delay inherent in this process. The fifth *Grinnell* factor weighs in favor of final approval.

22. Although Ecolab's ability to withstand a greater judgment is not currently at issue, this factor is not determinative. *See Frank*, 228 F.R.D. at 186 ("[D]efendant['s] ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair.") (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 178 n.9 (S.D.N.Y. 2000)).

23. The substantial amount of the settlement weighs strongly in favor of final approval. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The seventh *Grinnell* factor favors final approval.

## *Approval Of The FLSA Settlement*

24.    The Court hereby approves the FLSA settlement.

25.    The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *McMahon*, 2010 U.S. Dist. LEXIS 18913, at *15. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); *McMahon*, 2010 U.S. Dist. LEXIS 18913, at *15. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Id.* at 1354; *McMahon*, 2010 U.S. Dist. LEXIS 18913, at *16; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *13.

26.    The FLSA settlement meets the standard for approval. The settlement was the result of contested litigation and arm's length negotiation. Recognizing the uncertain legal and factual issues involved, the parties engaged in mediation with an experienced mediator and, after numerous rounds of negotiation, ultimately reached the settlement pending before the Court. During the litigation and at the mediation, Plaintiffs and Ecolab were both represented by counsel.

### *Dissemination of Notice*

27.    Pursuant to the Preliminary Approval Order, the Notices were sent by first-class mail to each identified Class Member at his or her last known address (with re-mailing of returned Notices). (Swartz Decl. Ex. E ("Patton Decl.") ¶¶ 5-7.) This Court finds that the Notices fairly and adequately advised Class Members of the terms of the settlement, as well as

13

the right of Class Members to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted on May 4, 2010. Class Members were provided the best notice practicable under the circumstances.

28.     The Court further finds that the Notices and distribution of such Notices comported with all constitutional requirements, including those of due process.

29.     The Court confirms Settlement Services, Inc. ("SSI") as the Claims Administrator.

30.     The Court approves the modification of the Endorsement-release language to the following:

> By endorsing this settlement check, I agree to the full and final release of federal and state wage and hour claims, and derivative claims, as set forth more fully in the Settlement Agreement and Notice.

### *Award of Fees and Costs to Class Counsel and Award of Service Payments to Named Plaintiffs*

31.     On November 17, 2009, the Court appointed Outten & Golden LLP and Getman & Sweeney, PLLC as Class Counsel because they met all of the requirements of Federal Rule of Civil Procedure 23(g).

32.     Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims.

33.     Class Counsel are experienced class action employment lawyers and have extensive experience prosecuting and settling wage and hour class actions. *See, e.g., Mohney,* 2009 U.S. Dist. LEXIS 27899, at *15 ("O&G's lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law."); *Westerfield v. Washington Mut. Bank,* No. 06 Civ. 2817, No. 08 Civ. 287, 2009 U.S. Dist. LEXIS 94544, at *12-13 (E.D.N.Y. Oct. 2, 2009)

14

(O&G lawyers "have substantial experience prosecuting and settling . . . wage and hour class actions . . . .").

34. The work that Class Counsel have performed in litigating and settling this case demonstrates their commitment to the Class and to representing the Class's interests. Class Counsel have committed substantial resources to prosecuting this case.

35. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel attorneys' fees of $2,000,000, or one-third of the Fund.

36. In this Circuit, the "percentage-of-recovery" method is the "trend." *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Wal-Mart Stores, Inc.*, 396 F.3d at 122; *see also Mohney*, 2009 U.S. Dist. LEXIS 27899, at *16.

37. The Court has discretion to award attorneys fees based on the lodestar method or the percentage-of-recovery method, *McDaniel*, 595 F.3d at 417.

38. Class Counsel's request for one-third of the Fund is reasonable and "consistent with the norms of class litigation in this circuit." *See Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *15 (S.D.N.Y. Mar. 24, 2008) (granting one-third of the settlement fund); *Khait*, 2010 U.S. Dist. LEXIS 4067, at *4, 23-25 (awarding 33% of $9.25 million fund in FLSA and NYLL case); *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *2-3, 11 (awarding 33% of $710,000 fund in FLSA and NYLL tip misappropriation case); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *13, 16-17 (awarding 33% of $3,265,000 fund in FLSA and NYLL case); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720, 2008 U.S. Dist. LEXIS 53872, at *9 (W.D.N.Y. June 28, 2008) (awarding 33% of $2.9 million fund in FLSA and NYLL case); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 370 (S.D.N.Y. 2002) (awarding 33 1/3% fee on fund valued at $11.5 million in securities class action); *Cohen v. Apache Corp.*, No.

15

89 Civ. 0076, 1993 U.S. Dist. LEXIS 5211, at *1 (S.D.N.Y. Apr. 21, 1993) (awarding 33 1/3% of the $6.75 million fund in securities class action).

39.     Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation. (Decl. of Justin M. Swartz in Supp. of Pls.' Unopposed Mot. for Approval of Attys' Fees and Reimburscment of Expenses and Unopposed Mot. for Class Representative Service Awards ("Swartz Fees/Awards Decl.") ¶¶ 11-12.) A percentage-of-recovery fee award of one-third is consistent with the Second Circuit's decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, where the Court held that a "presumptively reasonable fee" takes into account what a "reasonable, paying client" would pay. 493 F.3d 110, 111-12 (2d Cir. 2007). An award of one-third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases. (Swartz Fees/Awards Decl. ¶ 8.) While *Arbor Hill* is not controlling here because it does not address a common fund fee petition, it supports a one-third recovery in a case like this one where Class Counsel's fee entitlement is entirely contingent upon success. *McMahon*, 2010 U.S. Dist. LEXIS 18913, at *21.

40.     All of the factors in *Goldberger* weigh in favor of a fee award of one-third of the Fund.

41.     The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward, (*see* Swartz Fees/Awards Decl. ¶ 10), also supports their fee request, *see McMahon*, 2010 U.S. Dist. LEXIS 18913, at *22-23.

42.     The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $62,591.89, which the Court deems to be reasonable. Courts typically allow

16

counsel to recover their reasonable out-of-pocket expenses. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (citing *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)).

43.     The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

44.     The Court finds reasonable service awards of $10,000 each to Class Representatives Troy Masson, Jimmy English, William Zimmerlee, Michael Clark, David Starkman, Franco DeSimone, and John Dinisi. These amounts shall be paid from the Settlement Fund.

45.     Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff. *Khait,* 2010 U.S. Dist. LEXIS 4067, at *26-27 (awarding $15,000 service awards each to 5 named plaintiffs and $10,000 service awards each to 10 named plaintiffs); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *18-19 (awarding $6,000 service awards each to 14 named plaintiffs); *see* Nantiya Ruan, Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006) (discussing the importance of aggregating claims to protecting civil rights and wage and hour rights). .

## **CONCLUSION**

46.     Within three (3) business days of this Order, Ecolab shall submit the Settlement Amount to the Claims Administrator to establish the Fund.

47.     The Claims Administrator shall distribute Settlement Checks from the QSF to the

17

Class Members as described in the Settlement Agreement, except that the Endorsement-release language shall be modified as proposed by the parties..

48.     The Claims Administrator shall also pay to Class Counsel attorneys' fees of $2,000,000 and costs of $62,591.89 from the Fund.

49.     The Claims Administrator's fee of $31,000 shall be paid from the Fund.

50.     The Claims Administrator shall also pay $10,000 each to Class Representatives Troy Masson, Jimmy English, William Zimmerlee, Michael Clark, David Starkman, Franco DeSimone, and John Dinisi as a service award described in the Settlement Agreement.

51.     The Claims Administrator shall satisfy the employer obligations to pay all employer taxes and withholdings on the Settlement Checks from the Fund.

52.     The Claims Administrator shall further (1) provide verification to Class Counsel and Ecolab's Counsel that it has distributed the Settlement Checks, (2) retain copies of all the endorsed Settlement Checks with releases, and (3) provide Ecolab's Counsel with the original of the endorsed Settlement Checks in accordance with the Settlement Agreement.

53.     All claims asserted in the Litigation and the claims of all Class Member who have not opted out are hereby dismissed with prejudice, subject only to an application for relief under Federal Rule of Civil Procedure 60(b)(1) or 60(d).

54.     The Court approves the Individual Settlement reached by the parties, which shall have no impact on the Fund.

55.     The Clerk of Court is directed to enter Final Judgment in these actions.

56.     The Court retains jurisdiction over this action thirty (30) days after the Acceptance Period, as necessary for the administrative purposes.

57.    The parties shall abide by all terms of the Settlement Agreement and this Order.

It is so ORDERED this $\underline{11th}$ day of $\underline{May}$ , 2010.

_____
Honorable Paul A. Crotty
United States District Judge